Tate *v.* Macdonald.

---

JOSEPH TATE, petitioner,

*v.*

SAMUEL J. MACDONALD, respondent.

[Argued at November Term, 1900. Filed March 11th, 1901.]

A respondent to a petition filed praying for an accounting of money received by the respondent and for the paying over of the same, is entitled to a notice of all hearings in the cause.

Tate *v.* Macdonald.

On appeal from an order advised by Vice-Chancellor Pitney, whose opinion is reported in *Tate* v. *Field, 15 Dick. Ch. Rep. 42.*

*Mr. Samuel J. Macdonald, pro se.*

The opinion of the court was delivered by

GARRETSON, J.

This is an appeal from an order advised by a vice-chancellor requiring Macdonald, the appellant, to forthwith pay to the clerk in chancery $524.83.

A petition was filed in the court of chancery by Tate January 8th, 1900, praying that Macdonald account for certain moneys received by him as solicitor of the petitioner in a foreclosure suit, wherein the final decree found these moneys due for waste committed on the mortgaged premises. Upon filing the petition an order to show cause why the prayer of the petitioner should not be granted was made. To this petition the respondent filed an answer on the return day of the order to show cause, February 2d, 1900. Without any notice to the respondent of an application for an order of reference, and without any order of reference, the petitioner, on the 20th of March, 1900, gave notice of a hearing on March 26th, 1900. At the time for the hearing objection was made on behalf of the respondent that no order of reference had been made and no proper notice of hearing had been given. The hearing, however, was proceeded with, but the respondent took no part therein. The hearing seems to have been adjourned to April 2d, 1900, and on the same day an order was signed continuing the hearing to April 26th, 1900. On the 26th of April, 1900, the hearing was adjourned, in the presence of the respondent, to May 3d, 1900, and if the vice-chancellor did not appear on that day, to be adjourned to May 10th, 1900. Nothing seems to have been done either on May 3d or May 10th.

The record further shows that on the 17th day of May the vice-chancellor heard the evidence of witnesses, who were sworn and examined by counsel of the petitioner, and that that was the last

examination of witnesses and the last hearing in the cause. It does not appear that that was a day which had been set down for the hearing, or to which the cause had been adjourned, or of which the respondent had notice, or that he had consented to a hearing on that day. The respondent should have had notice of this hearing.

We therefore think that the order should be set aside and the matter referred back to the court of chancery, so that the respondent may have an opportunity to appear and present his defence.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES—12.

*For affirmance*—None.